IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| API TECHNOLOGIES, LLC<br>    Plaintiff,<br><br>    v.<br><br>(1)    FACEBOOK, INC.;<br>(2)    AMAZON.COM, INC.;<br>(3)    AMAZON WEB SERVICES LLC;<br>(4)    AOL LLC;<br>(5)    MAPQUEST, INC.;<br>(6)    BEBO, INC.;<br>(7)    TRUVEO, INC.;<br>(8)    BEST BUY CO. INC.;<br>(9)    CBS CORPORATION;<br>(10)   CBS INTERACTIVE INC.;<br>(11)   CBS INTERACTIVE MEDIA INC.;<br>(12)   CNET INVESTMENTS, INC.;<br>(13)   CNET NETWORKS, INC.;<br>(14)   LAST.FM LIMITED;<br>(15)   THE DUN & BRADSTREET<br>       CORPORATION;<br>(16)   HOOVER'S, INC.;<br>(17)   GOOGLE INC.;<br>(18)   ANDROID, INC.;<br>(19)   THOMSON REUTERS<br>       CORPORATION;<br>(20)   THOMSON REUTERS PLC;<br>(21)   THOMSON REUTERS U.S. INC.;<br>(22)   THOMSON REUTERS U.S.A. INC.;<br>(23)   REUTERS AMERICA, LLC; and<br>(24)   YAHOO! INC.,<br>       Defendants. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, API Technologies, LLC,

complains against the Defendants Facebook, Inc.; Amazon.com, Inc.; Amazon Web Services

LLC; AOL LLC; Mapquest, Inc.; Bebo, Inc.; Truveo, Inc.; Best Buy Co. Inc.; CBS Corporation;

CBS Interactive Inc.; CBS Interactive Media Inc.; CNET Investments, Inc.; CNET Networks,

Inc.; Last.FM Limited; The Dun & Bradstreet Corporation; Hoover's, Inc.; Google Inc.; Android, Inc.; Thomson Reuters Corporation; Thomson Reuters PLC; Thomson Reuters U.S. Inc.; Thomson Reuters U.S.A. Inc.; Reuters America, LLC; and Yahoo! Inc. (collectively the "Defendants"), as follows:

## PARTIES

1.     API Technologies, LLC ("API") is a Texas limited liability company with its principal place of business at 207C N Washington Street, Marshall, TX.

2.     On information and belief, Defendant Facebook, Inc. ("Facebook") is a Delaware corporation with its principal place of business at 471 Emerson Street, Palo Alto, California 94301.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

3.     On information and belief, Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business at 1200 12th Avenue South Suite 1200, Seattle, WA 98144.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

4.     On information and belief, Defendant Amazon Web Services LLC ("AWS") is a Delaware corporation with its principal place of business at 1200 12th Avenue South Suite 1200, Seattle, WA 98144.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

5.     On information and belief, Defendant AOL LLC ("AOL") is a Delaware corporation with its principal place of business at 770 Broadway, New York, NY 10003.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

6.      On information and belief, Defendant Mapquest, Inc. ("Mapquest") is a Delaware corporation with its principal place of business at 555 17th Street, Suite 1600, Denver, Colorado 80202.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

7.      On information and belief, Defendant Bebo, Inc. ("Bebo") is a Delaware corporation with its principal place of business at 795 Folsom St Fl 6, San Francisco, 94107. This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

8.      On information and belief, Defendant Truveo, Inc. ("Truveo") is a Delaware corporation with its principal place of business at 333 Bush Street, 23rd Floor, San Francisco, CA 94104.  This Defendant has appointed Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

9.      On information and belief, Defendant Best Buy Co. Inc. ("Best Buy") is a Minnesota corporation with its principal place of business at 7601 Penn Ave. South, Richfield, MN 55423.  This Defendant has appointed CT Corporation System Inc., 100 S 5th Street #1075, Minneapolis, MN 55402 as its agent for service of process.

10.     On information and belief, Defendant CBS Corporation ("CBS") is a Delaware corporation with its principal place of business at 51 W. 52nd Street, New York, NY 10019. This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

11.     On information and belief, Defendant CBS Interactive Inc. ("CBS Interactive") is a Delaware corporation with its principal place of business at 51 W. 52nd Street, New York, NY

10019.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

12.　　On information and belief, Defendant CBS Interactive Media Inc. ("CBS Media") is a Delaware corporation with its principal place of business at 51 W. 52nd Street, New York, NY 10019.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

13.　　On information and belief, Defendant CNET Investments, Inc ("CNET") is a Delaware corporation with its principal place of business at 51 W. 52nd Street, New York, NY 10019.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

14.　　On information and belief, Defendant CNET Networks, Inc. ("CNET Networks") is a Delaware corporation with its principal place of business at 51 W. 52nd Street, New York, NY 10019.  This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

15.　　On information and belief, Defendant Last.FM Limited ("Last.FM") is a UK corporation with its principal place of business at 51 W. 52nd Street, New York, NY 10019. This Defendant may be served at 51 W. 52nd Street, New York, NY 10019 or at 1-11 Baches Street, London, N1 6DL via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

16.　　On information and belief, Defendant The Dun & Bradstreet Corporation ("D&B") is a Delaware corporation with its principal place of business at 103 JFK Parkway, Short Hills, NJ　07078.  This Defendant has appointed The Corporation Trust Company,

Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801as its agent for service of process.

17.     On information and belief, Defendant Hoover's, Inc. ("Hoover's") is a Delaware corporation with its principal place of business at 5800 Airport Blvd., Austin, TX 78752-3812. This Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801as its agent for service of process.

18.     On information and belief, Defendant Google Inc. ("Google") is a Delaware corporation with its principal place of business at 1600 Amphitheater Parkway, Mountain View, California 94043.  This Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

19.     On information and belief, Defendant Android, Inc. ("Android") is a Delaware corporation with its principal place of business at 1600 Amphitheater Parkway, Mountain View, California 94043.   This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

20.     On information and belief, Defendant Thomson Reuters Corporation ("Thomson") is a Canada corporation with its principal place of business at 3 Times Square, 17th Floor New York, NY 10036.  This Defendant may be served at 3 Times Square, 17th Floor New York, NY 10036 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

21.     On information and belief, Defendant Thomson Reuters PLC ("Thomson PLC") is a UK corporation with its principal place of business at The Thomson Reuters Building South Colonnade Canary Wharf, London, ENG E14 5EP, United Kingdom.  This Defendant may be

served at The Thomson Reuters Building South Colonnade Canary Wharf, London, ENG E14 5EP, United Kingdom via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

22.     On information and belief, Defendant Thomson Reuters U.S. ("Thomson US") is a Delaware corporation with its principal place of business at 3 Times Square, 17th Floor New York, NY 10036.     This Defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

23.     On information and belief, Defendant Thomson Reuters U.S.A. Inc. ("Thomson USA") is a Delaware corporation with its principal place of business at 3 Times Square, 17th Floor New York, NY 10036.   This Defendant has appointed The Prentice-Hall Corporation Systems, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

24.     On information and belief, Defendant Reuters America, LLC ("Reuters") is a Delaware corporation with its principal place of business at 3 Times Square, 17th Floor New York, NY 10036.   This Defendant has appointed The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

25.     On information and belief, Defendant Yahoo! Inc. ("Yahoo") is a Delaware corporation with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.   This Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

<u>**JURISDICTION AND VENUE**</u>

26.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

27.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this District, and has committed and/or induced acts of patent infringement in this district.

28.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,859,699

29.     API is the owner by assignment of United States Patent No. 6,859,699 (the "'699 Patent") entitled "Network-Based Method and System for Distributing Data."  The '699 Patent issued on February 22, 2005.  A true and correct copy of the '699 Patent is attached as Exhibit A.

30.     Anthony Carroll, Brian McAuliffe, Joe Gibbs, Brian O'Sullivan, Michael J. Kling, III, George M. Gill, Michael L. Baird, Jean deBelleuille, and Steven W. Rogers are the named inventors on the '699 Patent.

31.     Upon information and belief, Defendant Facebook has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District,

and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant Facebook provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Facebook receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Facebook generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant Facebook requires the use of such license codes to access the desired data. Defendant Facebook is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

32.     Upon information and belief, Defendant Amazon has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant Amazon provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Amazon receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Amazon generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant Amazon requires

the use of such license codes to access the desired data.  Defendant Amazon is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

33.     Upon information and belief, Defendant AWS has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States,  by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API.   For example, without limitation, Defendant AWS provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data.   Using the data transmission network, Defendant AWS receives an input signal representing a selection of desired data, and retrieves and transmits that data.  Further, Defendant AWS generates license codes with embedded information that is related to a valid product code associated with a specific device or system.  Defendant AWS requires the use of such license codes to access the desired data.  Defendant AWS is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

34.     Upon information and belief, Defendant AOL has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States,  by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API.   For example, without limitation, Defendant AOL provides one or more systems or methods, including without limitation

Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant AOL receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant AOL generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant AOL requires the use of such license codes to access the desired data. Defendant AOL is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

35.     Upon information and belief, Defendant Mapquest has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant Mapquest provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Mapquest receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Mapquest generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant Mapquest requires the use of such license codes to access the desired data. Defendant Mapquest is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

36.     Upon information and belief, Defendant Bebo has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing

to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant Bebo provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Bebo receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Bebo generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant Bebo requires the use of such license codes to access the desired data. Defendant Bebo is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

37.     Upon information and belief, Defendant Truveo has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant Truveo provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Truveo receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Truveo generates license codes with embedded information that is related to a valid product code

associated with a specific device or system. Defendant Truveo requires the use of such license codes to access the desired data. Defendant Truveo is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

38. Upon information and belief, Defendant Best Buy has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant Best Buy provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Best Buy receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Best Buy generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant Best Buy requires the use of such license codes to access the desired data. Defendant Best Buy is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

39. Upon information and belief, Defendant CBS has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation,

Defendant CBS provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant CBS receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant CBS generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant CBS requires the use of such license codes to access the desired data. Defendant CBS is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

40. Upon information and belief, Defendant CBS Interactive has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant CBS Interactive provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant CBS Interactive receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant CBS Interactive generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant CBS Interactive requires the use of such license codes to access the desired data. Defendant CBS Interactive is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

41.     Upon information and belief, Defendant CBS Media has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States,  by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API.   For example, without limitation, Defendant CBS Media provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data.  Using the data transmission network, Defendant CBS Media receives an input signal representing a selection of desired data, and retrieves and transmits that data.  Further, Defendant CBS Media generates license codes with embedded information that is related to a valid product code associated with a specific device or system.   Defendant CBS Media requires the use of such license codes to access the desired data.  Defendant CBS Media is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

42.     Upon information and belief, Defendant CNET has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States,  by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API.   For example, without limitation, Defendant CNET provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data.  Using the data transmission network, Defendant CNET receives an input signal

representing a selection of desired data, and retrieves and transmits that data. Further, Defendant CNET generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant CNET requires the use of such license codes to access the desired data. Defendant CNET is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

43.    Upon information and belief, Defendant CNET Networks has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant CNET Networks provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant CNET Networks receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant CNET Networks generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant CNET Networks requires the use of such license codes to access the desired data. Defendant CNET Networks is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

44.    Upon information and belief, Defendant Last.FM has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District,

and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant Last.FM provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Last.FM receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Last.FM generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant Last.FM requires the use of such license codes to access the desired data. Defendant Last.FM is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

45.     Upon information and belief, Defendant D&B has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant D&B provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant D&B receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant D&B generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant D&B requires the use of such license

codes to access the desired data. Defendant D&B is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

46.      Upon information and belief, Defendant Hoover's has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States,  by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API.  For example, without limitation, Defendant Hoover's provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data.  Using the data transmission network, Defendant Hoover's receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Hoover's generates license codes with embedded information that is related to a valid product code associated with a specific device or system.  Defendant Hoover's requires the use of such license codes to access the desired data.  Defendant Hoover's is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

47.      Upon information and belief, Defendant Google has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States,  by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API.   For example, without limitation, Defendant Google provides one or more systems or methods, including without limitation

Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Google receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Google generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant Google requires the use of such license codes to access the desired data. Defendant Google is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

48.     Upon information and belief, Defendant Android has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant Android provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Android receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Android generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant Android requires the use of such license codes to access the desired data. Defendant Android is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

49.     Upon information and belief, Defendant Thomson has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or

contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant Thomson provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Thomson receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Thomson generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant Thomson requires the use of such license codes to access the desired data. Defendant Thomson is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

50. Upon information and belief, Defendant Thomson PLC has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant Thomson PLC provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Thomson PLC receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Thomson PLC generates license codes with embedded information

19

that is related to a valid product code associated with a specific device or system. Defendant Thomson PLC requires the use of such license codes to access the desired data. Defendant Thomson PLC is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

51. Upon information and belief, Defendant Thomson US has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant Thomson US provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Thomson US receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Thomson US generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant Thomson US requires the use of such license codes to access the desired data. Defendant Thomson US is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

52. Upon information and belief, Defendant Thomson USA has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without

limitation, Defendant Thomson USA provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Thomson USA receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Thomson USA generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant Thomson USA requires the use of such license codes to access the desired data. Defendant Thomson USA is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

53. Upon information and belief, Defendant Reuters has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API. For example, without limitation, Defendant Reuters provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data. Using the data transmission network, Defendant Reuters receives an input signal representing a selection of desired data, and retrieves and transmits that data. Further, Defendant Reuters generates license codes with embedded information that is related to a valid product code associated with a specific device or system. Defendant Reuters requires the use of such license codes to access the desired data. Defendant Reuters is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

54.     Upon information and belief, Defendant Yahoo has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States,  by, among other things, making, using, selling and/or offering for sale systems and/or methods for providing data using a data transmission network covered by one or more claims of the '699 Patent to the injury of API.   For example, without limitation, Defendant Yahoo provides one or more systems or methods, including without limitation Application Programming Interfaces, for providing user interfaces for soliciting selections of desired data.  Using the data transmission network, Defendant Yahoo receives an input signal representing a selection of desired data, and retrieves and transmits that data.  Further, Defendant Yahoo generates license codes with embedded information that is related to a valid product code associated with a specific device or system.  Defendant Yahoo requires the use of such license codes to access the desired data.  Defendant Yahoo is thus liable for infringement of the '699 Patent pursuant to 35 U.S.C. § 271.

55.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '699 Patent complied with any such requirements.

56.     To the extent that facts learned in discovery show that Defendants' infringement of the '699 Patent is or has been willful, API reserves the right to request such a finding at time of trial.

57.     As a result of these Defendants' infringement of the '699 Patent, API has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

58.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '699 Patent, API will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, API respectfully requests that this Court enter:

1.     A judgment in favor of API that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '699 Patent, and that such infringement was willful;

2.     A judgment and order requiring Defendants to pay API its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '699 Patent as provided under 35 U.S.C. § 284;

3.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '699 Patent;

4.     A judgment and order requiring Defendants to pay API its damages, enhanced damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '699 Patent;

5.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to API its reasonable attorneys' fees; and

6.     Any and all other relief to which API may show itself to be entitled.

## DEMAND FOR JURY TRIAL

API, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

May 12, 2009

Respectfully submitted,

**API TECHNOLOGIES, LLC**

By: /s/ Andrew Spangler
Andrew W. Spangler– LEAD COUNSEL
State Bar No. 24041960
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone:  903-753-9300
Facsimile:  903 553-0403
spangler@spanglerlawpc.com

Marc A. Fenster
California Bar No. 181067
E-mail: mfenster@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310/826-7474
Facsimile: 310/826-6991

**ATTORNEYS FOR PLAINTIFF
API TECHNOLOGIES, LLC**