IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **API TECHNOLOGIES, LLC**<br><br>                 **Plaintiff,**<br><br>     v.<br><br>**FACEBOOK, INC., et al.**<br><br>                 **Defendants.** | **Civil Action No. 2:09-cv-00147** |

## API TECHNOLOGIES, LLC'S ANSWER TO THE COUNTERCLAIM OF BEST BUY CO. INC.

Plaintiff API Technologies, LLC ("API") answers the Counterclaim of Defendant Best Buy Co. Inc. ("Best Buy"), filed on July 8, 2009, by corresponding paragraph number as follows:

1.     API admits that Best Buy purports to seek a declaratory judgment in its Counterclaim, but API denies that Best Buy is entitled to such a judgment. API admits that Best Buy's Counterclaim gives rise to an actual and justiciable controversy between API and Best Buy regarding the infringement and validity of the '699 Patent. Except as so admitted, the remaining allegations in paragraph 1 are denied.

2.     API admits that the Court has subject matter jurisdiction over the issues raised in Best Buy's Counterclaim. API admits that it has submitted to venue in this judicial district for the purpose of the adjudication of its Original Complaint in this action and related counterclaims.

3.     Admitted

4.     Admitted.

2995-009 090731 Ans Best Buy CC

# FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,859,699

5. In response to the allegations in paragraph 5 of Best Buy's Counterclaim, API incorporates by reference paragraphs 1 through 4 of this Answer as if fully set forth herein.

6. Admitted.

7. Best Buy's reference to "these allegations" in paragraph 7 of its Counterclaim is vague and therefore API lacks knowledge or information sufficient to form a belief about the truth of Best Buy's allegation that in paragraph 7 that it "[d]enies these allegations." The remaining allegations in paragraph 7 are denied.

8. Admitted.

9. Denied.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,859,699

10. In response to the allegations in paragraph 10 of Best Buy's Counterclaim, API incorporates by reference paragraphs 1 through 9 of this Answer as if fully set forth herein.

11. Admitted.

12. Best Buy's reference to "these allegations" in paragraph 12 of its Counterclaim is vague and therefore API lacks knowledge or information sufficient to form a belief about the truth of Best Buy's allegation that in paragraph 12 that it "[d]enies these allegations." The remaining allegations in paragraph 12 are denied.

13. Admitted.

14. Denied.

## **PRAYER FOR RELIEF**

To the extent necessary, API denies that Best Buy is entitled to the relief requested in its Prayer for Relief, or any relief whatsoever.

Dated: July 31, 2009　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　By: /s/ Marc A. Fenster
　　　　　　　　　　　　　　　　　　　　Marc A. Fenster, CA Bar No. 181067
　　　　　　　　　　　　　　　　　　　　E-mail:  mfenster@raklaw.com
　　　　　　　　　　　　　　　　　　　　Andrew D. Weiss, CA Bar # 232974
　　　　　　　　　　　　　　　　　　　　E-mail:  aweiss@raklaw.com
　　　　　　　　　　　　　　　　　　　　RUSS, AUGUST & KABAT
　　　　　　　　　　　　　　　　　　　　12424 Wilshire Boulevard, 12th Floor
　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90025
　　　　　　　　　　　　　　　　　　　　Telephone: 310/826-7474
　　　　　　　　　　　　　　　　　　　　Facsimile: 310/826-6991

　　　　　　　　　　　　　　　　　　　　Andrew W. Spangler, TX Bar No. 24041960
　　　　　　　　　　　　　　　　　　　　E-mail:  spangler@spanglerlawpc.com
　　　　　　　　　　　　　　　　　　　　SPANGLER LAW PC
　　　　　　　　　　　　　　　　　　　　208 N. Green Street, Suite 300
　　　　　　　　　　　　　　　　　　　　Longview, TX 75601
　　　　　　　　　　　　　　　　　　　　Telephone: 903/753-9300
　　　　　　　　　　　　　　　　　　　　Facsimile: 903/553-0403

　　　　　　　　　　　　　　　　　　　　Tyler K. Brochstein, TX Bar No. 24059490
　　　　　　　　　　　　　　　　　　　　E-mail:  tyler@brochlaw.com
　　　　　　　　　　　　　　　　　　　　BROCHSTEIN LAW FIRM PLLC
　　　　　　　　　　　　　　　　　　　　2820 McKinnon Street, Suite 4063
　　　　　　　　　　　　　　　　　　　　Dallas, TX 75201
　　　　　　　　　　　　　　　　　　　　Telephone: 713/320-1456
　　　　　　　　　　　　　　　　　　　　Facsimile: 208/460-0603

　　　　　　　　　　　　　　　　　　　　**Attorneys for Plaintiff**
　　　　　　　　　　　　　　　　　　　　**API TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on July 31, 2009 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: July 31, 2009                                      /s/ Marc A. Fenster
                                                          Marc A. Fenster