IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| API TECHNOLOGIES, LLC<br>  *Plaintiff*, | § § § | |
| v. | § | Civil Action No. 2:09-cv-00147 |
| FACEBOOK, INC., et al.<br>  *Defendants*. | § § § § § | JURY TRIAL DEMANDED |

## DOCKET CONTROL ORDER

In accordance with the case status conference held herein on the 14th day of December, 2009, it is hereby

ORDERED that the following schedule of deadlines is in effect until further order of this court:

| April 2, 2012 | Jury Selection – 9:00 a.m. in **Marshall, Texas.** |
|---|---|
| **TBD** | Pretrial Conference – _____ a.m./p.m. in **Marshall, Texas.** |
| At least 2 weeks before the pretrial conference. | Joint Pretrial Order, Joint Proposed Jury Instructions, and Form of the Verdict. |
| At least 2 weeks before the pretrial conference. | **Motions in *Limine* Due**<br><br>The parties are ordered to **meet and confer** on their respective motions *in limine* and **advise the court of any agreements in this regard by 1:00 p.m. three (3) business days before** the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instruction(s). |
| At least 2 weeks before the pretrial conference. | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.** If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |

-1-

| | |
|---|---|
| At least 3 weeks before the pretrial conference. | Response to Dispositive Motions (including *Daubert* motions).[1]<br><br>**Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |
| At least 5 weeks before the pretrial conference. | For Filing Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions). |
| At least 4 weeks before the pretrial conference. | Mediation to be completed. |
| At least 4 weeks before the pretrial conference. | Defendant to Identify Trial Witnesses. |
| At least 5 weeks before the pretrial conference. | Plaintiff to Identify Trial Witnesses. |
| At least 6 weeks before the pretrial conference. | Discovery Deadline |
| 60 days after claim construction ruling. | Designate Rebuttal Expert Witnesses other than claims construction. Expert witness report due. Refer to Discovery Order for required information. |
| 30 days after claim construction ruling. | Comply with P.R. 3-7. |
| 30 days after claim construction ruling. | Party with the burden of proof to designate Expert Witnesses other than claims construction. Expert witness report due. Refer to Discovery Order for required information. |
| **February 9, 2011** | Claim construction hearing – 9:00 a.m., **Marshall, Texas.** |
| December 17, 2011 | Comply with P.R. 4-5(c). |
| December 3, 2010 | Comply with P.R. 4-5(b). |
| November 12, 2010 | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| October 25 , 2010 | Comply with P.R. 4-5(a). |
| October 22, 2010 | Discovery deadline – claims construction issues. |
| October 15, 2010 | Comply with P.R. 4-3. |
| October 8, 2010 | Respond to Amended Pleadings. |
| September 24, 2010 | Comply with P.R. 4-2. |

---

[1] The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(c) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e)**, in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

| September 24, 2010 | Amend Pleadings<br>**(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after September 17, 2010).** |
|---|---|
| September 24, 2010 | Join Additional Parties. |
| September 3, 2010 | Comply with P.R. 4-1 |
| August 13, 2010 | Comply with Mandatory Disclosure Deadline pursuant to Paragraph 3 of the Courts' Discovery Order. |
| July 15, 2010 | Comply with P.R. 3-3. |
| July 1, 2010 | Comply with P.R. 3-4 |
| April 20, 2010 | Parties to Submit proposed agreed Protective Order, or their competing versions. |
| April 20, 2010 | Comply with Mandatory Disclosure Deadline pursuant to Paragraph 1 of the Courts' Discovery Order. |
| April 2, 2010 | Comply with P.R. 3-1 and 3-2. |
| March 1, 2010 | With respect to each Defendant, Plaintiff discloses and identifies the accused instrumentalities by name. |

## **LIMITATIONS ON MOTIONS PRACTICE**

**Summary Judgment Motions**: Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than sixty (60) days before the deadline for filing summary judgment motions. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.

**Motions to Strike Expert Testimony/Daubert Motions**: Prior to filing any Motions to Strike or Daubert Motions, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than three (3) pages and shall be filed with the Court no later than sixty (60) days before the deadline for filing Motions to Strike or Daubert Motions. Answering letter briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than two (2) pages and filed with the Court no later than five (5) days thereafter. The Court may hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.

For all of the above mentioned motions, the letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

## OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance not justify a failure to comply with the discovery deadline:

    (a) The fact that there are motions for summary judgment or motions to dismiss pending;

    (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**IT IS SO ORDERED.**