# IN THE UNITED STATES COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| API TECHNOLOGIES, LLC § | | |
|     *Plaintiff*, § | | |
| § | | |
| v. § | Civil Action No. 2:09-cv-00147 | |
| § | | |
| FACEBOOK, INC., et al. § | JURY TRIAL DEMANDED | |
|     *Defendants*. § | | |
| § | | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under FED. R. CIV. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures.** Except as provided by paragraph 1(h), and, to the extent not already disclosed, by April 20, 2010, each party shall disclose to every other party the following information:

   (a). the correct names of the parties to the lawsuit;
   (b). the name, address, and telephone number of any potential parties;
   (c). the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
   (d). the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;
   (e). any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
   (f). any settlement agreements relevant to the subject matter of this action;
   (g). any statement of any party to the litigation;
   (h). for any testifying expert, by the dates set by the Court in the Docket Control Order, each party shall disclose to the other party or parties:
       (1). the expert's name, address, and telephone number;
       (2). the subject matter on which the expert will testify;

(3). if the expert is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:
  (A). all communications and final and draft versions of documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony and
  (B). the disclosures required by FED. R. CIV. P. 26(a)(2)(B) and Local Rule CV-26; and
(4). for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information. No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her report, trial, or deposition testimony, or any other opinion in this case.

2. **Protective Orders.** The parties anticipate that the Court will enter an agreed protective order.

3. **Additional Disclosures.** Each party, without awaiting a discovery request, shall provide, to the extent not already provided, to every other party the following:

   (a). the disclosures required by the Patent Rules for the Eastern District of Texas, in accordance with the deadlines for compliance with those rules set forth in the Court's Docket Control Order;
   (b). by August 13 , 2010, a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent that these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas as modified by the Court's Docket Control Order; and
   (c). by July 16, 2010, a complete identification of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.
   (d). by July 16, 2010, those documents and authorizations described in Local Rule CV-34.

4. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1 and 3 together with the following:

   (a). <u>Written Discovery.</u> Plaintiff may serve up to 20 common interrogatories as to all Defendants and up to 10 interrogatories separately on each defendant party.[1] Defendants may serve up to 20 common interrogatories on Plaintiff and each defendant party may serve separately up to 10 interrogatories on Plaintiff. In addition, each side may serve up to 40 common requests for admission on the other side, and each party may separately serve up to 30 requests for admissions on each party. There is no limit on requests for admissions related to the admissibility of documents. Should any party wish to object to an interrogatory or request for admission as compound, that party will first meet-and-confer with opposing counsel and, if the objection cannot be resolved, will seek a protective order from the Court.
   (b). <u>Requests for Production.</u> Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and Paragraphs 1 and 3 of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without a movant propounding formal requests for production.
   (c). <u>Depositions of Witnesses Other Than Experts.</u> Plaintiff may take up to 150 hours of deposition testimony (excluding expert depositions), but any defendant party will not be subject to more than a total of 21 hours of Rule 30(b)(6) deposition testimony. Defendants may take up to 150 hours of deposition testimony (excluding expert depositions), but Plaintiff will not be subject to more than a total of 21 hours of Rule 30(b)(6) deposition testimony. The limitations in the Federal Rules of Civil Procedure with respect to the length of Rule 30(b)(1) and other individual depositions will apply.
   (d). <u>Third-Party Depositions.</u> The limitations in the Federal Rules of Civil Procedure with respect to the length of depositions of third parties will apply.
   (e). <u>Document Subpoenas and Depositions on Written Questions.</u> The parties may serve as many document subpoenas on third parties, and as many depositions on written questions of custodians of business records of third parties, as needed.
   (f). <u>Expert Depositions.</u> Regarding infringement and damages, Plaintiff may take up to 7 hours of deposition testimony per expert report (if an expert report is served on behalf multiple defendant groups, then Plaintiff may take up to 7 hours of deposition testimony per Defendant party).

---

[1] For purposes of this paragraph 4, a "defendant party" means any party and any affiliated parties. For example, Google Inc. and Android, Inc. are one "defendant party" for purposes of this paragraph 4. "Side" means a party or a group of parties with a common interest.

        Regarding infringement and damages, each Defendant party may take up to 7 hours of deposition testimony per expert report (if an expert report is served that addresses multiple defendant parties, then each Defendant party may take up to 7 hours of deposition testimony). Regarding validity, each side may take up to 14 hours of deposition testimony per validity expert. Regarding other topics, each side may take up to 7 hours of deposition testimony per expert report.

  (g). <u>Inventor Depositions.</u> Absent agreement to the contrary or good cause shown, no inventor will be subject to more than 7 hours of deposition testimony per side.

  (h). <u>Electronic Discovery.</u> In accordance with Local Rules and the Federal Rules, including Federal Rule of Civil Procedure 26, the parties are to produce all relevant materials. However, the parties have agreed that no voice mails, instant messages, or cell phone text message will be preserved, searched for, or produced under any circumstances. The parties are to produce documents electronically with OCR in single-page TIFF format with a Concordance load file.

The parties will meet and confer as to good cause on these issues and as to any claim of undue burden or cost. Furthermore, any party may move to modify these limitations for good cause.

5. **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the date set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall

then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support its assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by the date set in the Docket Control Order

6. **Pre-trial disclosures.** Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

   (a). The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
   (b). The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
   (c). An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

   Unless otherwise directed by the Court, these disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the Court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (b), and (2) any objections, together with the grounds therefore, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature**. The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

8. **Duty to Supplement.** Each party is under a duty to immediately supplement or correct any previously made disclosures if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Disputes.**

    (a). Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written response, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive

disclosures may file a motion to compel within 10 days of receiving the response.

(b).  Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses**. A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent an order from the Court to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.

11. **Filings.** Only upon request from the Court shall counsel submit to the Court courtesy copies of any filing.