IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

API TECHNOLOGIES, LLC
    Plaintiff,

    v.

FACEBOOK, INC., ET AL,
    Defendants.

Civil Action No. 2:09-CV-00147
JURY TRIAL DEMANDED

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE TO
THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

TABLE OF CONTENTS

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................................1

APPLICABLE STANDARD ..............................................................................................................5

FACTUAL BACKGROUND .............................................................................................................5

    A.    API Is Based In The Eastern District Of Texas
        And Maintains Its Documents In The
        Eastern Of District Of Texas ...................................................................5

    B.    Google And Yahoo Will Consider Other Texas
        Companies Relevant Witnesses—
        As They Have In Other Cases ...............................................................6

    C.    The Court Entered A Scheduling Order In January 2010. ....................7

ARGUMENT ................................................................................................................................7

    A.    Defendants Overlook The Private Factors That Do Not Favor
        Them And Downplay The Geographical Disparity ...............................8

        1.    *Defendants Fail To Explain Any Difficulties*
            *In Transporting Licensing Agreements*
            *And Marketing Materials To Texas For Trial* ...........................8

        2.    *Witnesses Known To Be Key Are Closer To*
            *Marshall, Texas Than Northern California—No*
            *Confirmed Invalidity Witness Resides In California* ...................9

        3.    *Applying The 100-Mile Rule Shows This District Is More*
            *Convenient* ..........................................................................12

        4.    *Defendants Identify No Unwilling Witnesses* .........................13

        5.    *Defendants' Motion Is Not "Reasonably Prompt,"*
            *And The Late Filing Is Prejudicial* .........................................13

    B.    The Public Factors Favor This District Because A Party
        And Evidence Are Here .......................................................................15

CONCLUSION ...........................................................................................................................15

TABLE OF AUTHORITIES

CASES

*ADS Sec., L.P. v. Advanced Detection Sec. Servs., Inc.*,
  No. A-09-CA-773, 2010 WL 1170976 (W.D. Tex. Mar. 23, 2010).......................................11

*In re Apple, Inc.*,
  Misc. No. 832, 2010 WL 1922942 (Fed. Cir. May 12, 2010)
  (per curiam) ......................................................................................................................1

*Action Indus. v. U.S. Fidelity & Guar. Co.*,
  358 F.3d 337 (5th Cir. 2004) ...............................................................................................9

*Aloft Media, LLC v. Adobe Sys.*,
  No. 6:07-CV-355, 2008 WL 819956 (E.D. Tex. Mar. 25, 2008) ........................................5, 9

*Am. Airlines, Inc. v. Rogerson ATS,*
  952 F. Supp. 377 (N.D. Tex. 1996).................................................................................. 10, 14

*BNSF Ry. Co. v. OOCL (USA), Inc.*,
  667 F. Supp. 2d 703 (N.D. Tex. 2009)............................................................................. 14, 15

*Calloway v. Fin. Triad Corp.*,
  No. 3:07-CV-1292-B, 2007 WL 4548085 (N.D. Tex. Dec. 27, 2007) ...................................15

*Centre One v. Vonage Holdings Corp.*,
  No. 6:08CV467, 2009 WL 2461003 (E.D. Tex. Aug. 10, 2009)................................. 10, 11, 14

*Emanuel v. SPX Corp./OTC Tools Div.*,
  No. 6:09cv220, 2009 WL 3063322 (E.D. Tex. Sept. 21,  2009) ...........................................3, 9

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)........................................................................... 5, 8, 9, 12

*In re Hoffman-La Roche, Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009).............................................................................................7

*Konami Dig. Entm't Co. v. Harmonix Music Sys., Inc.*,
  No. 6:08-cv-286, 2009 WL 781134 (E.D. Tex. Mar. 23, 2009).............................................14

*McCuin v. Tex. Power & Light*,
  714 F.2d 1255 (5th Cir. 1983) .............................................................................................5

*Medidea, LLC v. Smith & Nephew, Inc.*,
  No. 2-09-cv-378-TJW, 2010 WL 1444211 (E.D. Tex. Apr. 12, 2010) ...............................8, 15

*MHL Tek, LLC v. Nissan Motor Co.*,
   No. 2:07-CV-289, 2009 WL 440627 (E.D. Tex. Feb. 23, 2009)........................................9, 14

*Mondis Tech. Ltd. v. Top Victory Elecs. (Taiwan) Co.*,
   No. 2:08-CV-478, 2009 WL 3460276 (E.D. Tex. Oct. 23, 2009). ..........................................10

*Network-1 Sec. Solutions, Inc. v. D-Link Corp.*,
   433 F. Supp. 2d 795 (E.D. Tex.2006), ...................................................................3, 8, 9, 11

*Novartis Vaccines & Diagnostics, Inc. v. Wyeth*,
   No. 2-08-cv-00067TJW, 2010 WL 1374806 (E.D. Tex. Mar. 31, 2010) ........................12, 14

*Odom v. Microsoft Corp*,
   596 F. Supp. 2d 995 (E.D. Tex. Jan. 30, 2009) ......................................................................9

*Personal Audio, LLC v. Apple, Inc.*,
   No. 9:09-CV-111, 2010 WL 582540 (E.D. Tex. Feb. 11, 2010)
   [mandamus denied] ...............................................................................................................1, 5

*Peteet v. Dow Chem. Co.*,
   868 F.2d 1428 (5th Cir. 1989). ..............................................................................................1

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
   119 F.3d 1559 (Fed. Cir. 1997)...............................................................................................15

*Sabre Techs., LP v. TSM Skyline Exhibits, Inc.*,
   No. H-08-1815, 2008 WL 4330897 (S.D. Tex. Sept. 18, 2008)...............................................14

*Signtronix, Inc. v. General Sign, Inc.*,
   No. 3:06-CV-2244-L, 2007 WL 2398515 (N.D. Tex. Aug. 22, 2007) .....................................1

*Symbol Techs., Inc. v. Metrologic Instruments, Inc.*,
   450 F. Supp. 2d 676 (E.D. Tex. 2006) ...................................................................................14

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008)..........................................................................................5, 9

*Techradium, Inc. v. Athoc, Inc.*,
   No. 2:09-CV-275-TJW, 2010 WL 175235 (E.D. Tex. Apr. 29, 2010)....................................8

*In re Telular*,
   319 Fed. Appx. 909, 2009 WL 905472 (Fed. Cir. Apr. 3, 2009)) ............................................9

*Ternium Int'l U.S.A. Corp. v. Consol. Sys.*,
   No. 3:08-CV-0816-G, 2009 WL 464953 (N.D. Tex. Feb. 24, 2009). .............................11, 14

*In re Triton Ltd. Secs. Litig.*,
    70 F. Supp. 2d 678 (E.D. Tex. 1999) ...................................................................10

*VCode Holdings, Inc. v. Cognex Corp.*,
    No. 2:07-CV-138, 2007 WL 2238054 (E.D. Tex. Aug. 3, 2007) ............................11

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004). ...............................................................................15

*In re Volkswagen of America, Inc. ("Volkswagen II")*,
    545 F.3d 304 (5th Cir. 2008) (en banc) .................................................................5

*Woolf v. Mary Kay Inc.*,
    176 F. Supp. 2d 642 (N.D. Tex. 2001) ..................................................................11

STATUTES AND RULES

28 U.S.C. § 1404(a) .....................................................................................*passim*

DOCKETED CASES

*Bright Response, LLC v. Google Inc., Yahoo!, Inc., AOL Inc.*,
    No. 2:07-cv-371-CE (E.D. Tex.)............................................................................6

*Tsera, LLC v. Apple, Inc.*,
    No. 6:09cv312-LED-JDL, Dkt. No. 230 (E.D. Tex. May 12, 2010). .............................2, 9, 14

OTHER

15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE
    § 3849 (3d ed. 2009) ...............................................................................................5

Plaintiff API Technologies, LLC ("API") files this Response in opposition to the Motion to Transfer under Section 1404(a) ("§1404(a)") (Dkt. No. 174) filed by Defendants Google Inc. ("Google"), Android, Inc. ("Android"), Yahoo! Inc. ("Yahoo"), and Best Buy Co. Inc. ("Best Buy") (collectively "Defendants").  Although the declarations offered in support of the Motion to Transfer ("Motion" or "Mtn.") fail to address facts critical to Defendants' §1404(a) arguments, API also objects to those declarations for the reasons stated herein.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants fail to meet their heavy burden to show a "compelling case"[1] for why it is "clearly more convenient" to transfer this case more than a year after it was filed to the Northern District of California.  Defendants fail to even indicate which of the divisions in that District—San Francisco, San Jose, or Oakland[2]—is the one they intend to posit as clearly more convenient. Nevertheless, that Defendants have not been "reasonably prompt"[3] in deciding that another district is more convenient—when this Court has already entered a scheduling order and set the *Markman* hearing and trial—is just one of the reasons why Defendants fall short.  Aside from problems with proof,[4] Defendants also (i) exaggerate the numbers of witnesses potentially relevant for trial purposes to skew the convenience analysis toward Northern California, and (ii) understate the vast geographical disparity of the witnesses, including highly material non-party witnesses—only one of whom, a named inventor, with any certainty resides in California.  As to

---

[1] *In re Apple, Inc.*, Misc. No. 832, 2010 WL 1922942 (Fed. Cir. May 12, 2010) (per curiam) (denying mandamus in *Personal Audio, LLC v. Apple, Inc.*, No. 9:09-CV-111, 2010 WL 582540 (E.D. Tex. Feb. 11, 2010)).

[2] Although Defendants refer to the San Francisco courthouse and San Jose (Mtn. at 1; *id.* at 4), because Defendants do not request a particular division, for distance calculation purposes API refers to all divisions.

[3] *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

[4] For example, the Brewer declaration has no probative force, and API objects to the Court's reliance on the declaration for any allegations therein. It states only that Brewer is "an employee of defendant Google" and provides the declaration "based upon my knowledge of the corporate structure" of Google and Android and an "investigation of the location of witnesses and evidence."  Mtn. Ex. C.  It is impossible to even infer how Brewer has personal knowledge to submit a declaration on such wide-ranging topics, and the declaration cannot support any statement therein.  *Signtronix, Inc. v. General Sign, Inc.*, No. 3:06-CV-2244-L, 2007 WL 2398515, at *4 (N.D. Tex. Aug. 22, 2007) (declaration sufficient as more than "unverified hearsay" because identified sources for declarant's information and set forth declarant's history and role within company to provide basis for knowledge).

the first problem, courts in this District are mindful that the venue analysis may be manipulated by inflating the witness count and ignoring the practical realities of a patent infringement trial.[5] Defendants' stating there are 25 witnesses in the Northern District of California (Mtn. at 8), for example, to argue inconvenience in so many witnesses having to attend trial in Marshall, Texas and being away from the office—defies the realities of trial practice.  Even if that number were accurate,[6] given time limits on parties to present their cases at trial only a handful of these witnesses would even figure in a defendant's case.  Factual development will occur primarily through depositions, taken at the witness's place of business or residence, with that testimony then encompassed within expert reports and expert testimony at trial.  *See* Spangler Decl. ¶¶2-3.

As to the latter factor, Defendants downplay the geographical breadth of witnesses, in that technical knowledge lies with engineers, inventors, and prosecuting attorneys who are scattered across the country and around the world—California, Arkansas, Maine, Wisconsin, Ireland, Arizona, Washington State, New York, Australia, India, Switzerland, Washington, D.C., Minnesota, and Texas.[7]  Defendants do not suggest that any of these potential witnesses who, by their state, country, or country of residence is beyond the Court's subpoena power, would be unwilling to testify.  This omission renders largely moot any question about the availability of

---

[5] *E.g., Tsera, LLC v. Apple, Inc*., No. 6:09cv312-LED-JDL, Dkt. No. 230 (E.D. Tex. May 12, 2010) (Wiley Decl. Ex. 34).

[6] Because of shortcomings in the declarations, it cannot be determined which witnesses Defendants are asserting live in California versus those who reside in the Northern District of California.  The Sample Declaration (Ex. B) is conflicting on this point and non-probative.  *Compare* Mtn. Ex. B ¶7 ("All of these employees reside in California" (referring to witnesses discussed in same paragraph) *with id*. ¶9 ("All of these witnesses maintain an office at Yahoo's Sunnyvale headquarters" (apparently referring to witnesses on finance matters identified generally in preceding ¶ 8); "all of these witnesses reside…near Yahoo's Northern California Offices").

[7] Defendants' Mtn. at 2 ("The named inventors live in California, Arkansas, Maine, Wisconsin, and Ireland, and the attorneys that prosecuted the patent-in-suit reside in Washington State and Washington DC. Non-parties believed to have invalidity evidence are in Washington, Arizona, Minnesota, and Wisconsin.").  *But see* Defendants' Mtn. Ex. C (Brewer Declaration as to Google) at ¶ 7 (identifying persons with relevant knowledge of accused instrumentalities as residing in Mountain View, California; Zurich, Switzerland; Santa Monica, California; Hyderabad, India; Sydney, Australia; New York, New York; Kirkland, Washington).  Google also identifies one engineer who resides in Kingwood, Texas.  *Id*. ¶9.  *See also* Mtn. at 6 (Best Buy witnesses and documents in Minnesota); *id*. at 7-8 identifying other third party companies whom defendants have subpoenaed, with documents in Minnesota (Digital River, Inc.) and Wisconsin (GE Healthcare).

compulsory process as a relevant factor and undermines the attempt to paint this as a regional, Northern California case rather than a national case, which patent infringement cases typically are. This one is no exception.[8]

The lynchpin of Defendants' inability to prove another forum "clearly more convenient," however, is Defendants' reliance on incorrect facts. Although API's corporate information is readily available from the Texas Secretary of State, Defendants did not pursue that route. They include as their proof unverified information from a third-party vendor suggesting that API is headquartered in Dallas, Texas, not Marshall. API is not headquartered in Dallas. API accurately stated in its original complaint that it is based in Marshall, Texas. The address Defendants tout as API headquarters is an (old) address for the Dallas law firm of Haynes & Boone, LLP—whose partner, J. Mitchell Miller, performed the legal work to form API under Texas law.[9] Though not in the same category as providing inaccurate information about API for § 1404(a) purposes, Defendants also include gratuitous information—a 44-page background check of some sort—on API's manager Mr. Spangenberg. Mtn. Ex. RM6. The 44 pages are replete with not only information about persons who appear to have no connection to this lawsuit or API, but also personal and financial information such as what kind of automobile API's manager drives, the vehicle identification number and odometer reading at purchase (60 miles), lien status (none), the manager's month and year of birth, as well as properties and companies owned or managed over the past years. *Id.* at 26. Why Defendants also chose to mention the

---

[8] *See, e.g., Emanuel v. SPX Corp./OTC Tools Div.*, No. 6:09cv220, 2009 WL 3063322, at *3 (E.D. Tex. Sept. 21, 2009) (primary distinction for transfer cases in light of controlling precedent is regional versus national framework); *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 803 (E.D. Tex. 2006) (documents and witnesses in patent cases typically widely dispersed).

[9] Mtn. at 7 n.8 (citing Ex. RM3 as showing the "headquarters" for API 901 API TECHNOLOGIES, LLC 901 MAIN ST STE 3100 DALLAS, TX 75202-3732). API includes a certified copy of API's formation papers, directly from the Secretary of State's office, which prove API's principal place of business is in Marshall, Texas. Declaration of E. Wiley ("Wiley Decl.") Ex. 1; *see also* Declaration of E. Spangenberg ("Spangenberg Decl."), attached (describing retention of law firm of Haynes & Boone, LLP to perform legal services concerning formation of API under Texas law). Accordingly, Defendants' allegation that "API was formed in Dallas to hold the '699 patent and then enforce it in this lawsuit" is demonstrably false.

spouse of API's manager and their son,[10] along with the property value of their home from a magazine article[11] rather than official appraisal district records, one can only speculate.[12]   But Defendants cite no authority that makes vehicle ownership and home values relevant to show Northern California is "clearly more convenient."   To the contrary, it is just a matter of time before Defendants will expand the pool of relevant witnesses to include several from Texas.   In another case, Google and Yahoo issued several subpoenas to various Texas-based entities claimed as not only relevant but somehow critical to a patent infringement case.[13]   These entities include Texas companies, affiliated and unaffiliated with API, that are headquartered in Marshall, Texas.   One of those (unaffiliated) entities includes a completely unaffiliated diversified investment company, Acclaim Financial Group.   Google and Yahoo counsel even sent Acclaim's subpoena notice to Acclaim's Marshall address.[14] The scorched earth discovery tactic of implicating several more Texas companies based on the slim reed of some attenuated connection to Mr. Spangenberg, API's manager, proves Defendants are well aware of a Texas connection but cannot manifest that position now without undercutting their venue argument.

In the end, the convenience analysis Defendants would have the Court apply is one that insists that Defendants should be able to pursue the litigation in their preferred forum—the Northern District of California.   Defendants have no unmitigated right to pick the forum of their own backyard for API's lawsuit, and they cannot misstate the facts of API's connection to this District to try to create such a right under §1404(a).[15]   The Court should deny the Motion.

---

[10] *E.g.,* Mtn. at Ex. RM6 at 12, 22, 39 & 41 of 44.

[11] Mtn. at Ex. RM7.

[12] But within the 44-page exhibit Defendants happen to include data points connecting API's manager to this District, such as at page 15 of 44, noting a Marshall address for Mr. Spangenberg.

[13] API counsel has first-hand knowledge of that tactic because some of API's counsel are counsel in the other cases in which Google has used this strategy.  Spangler Decl. ¶4.

[14] *See* Factual Background, §B, *supra.  See generally* Spangler Decl. ¶4.

[15] Although the plaintiff's choice of forum is not a controlling factor, the Fifth Circuit recognized decades ago that an underpinning of the adversary system is that the plaintiff picks the forum given because a plaintiff files the lawsuit in the first place. *McCuin v. Tex. Power & Light,* 714 F.2d 1255, 1261-62 (5th Cir. 1983).

## APPLICABLE STANDARD

It is Defendants' burden for a §1404(a) transfer to show good cause, a standard met when Defendants demonstrate that another district is "***clearly*** more convenient than the venue chosen by…[API]."[16] "'When the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.'"[17]  As for the private/public factors applied to determine whether another forum is "clearly more convenient," those factors are neither exhaustive nor exclusive, and none of them is dispositive.[18]  The convenience analysis requires taking into account all parties' convenience, not just a defendant's convenience, such that a transfer to be justified must be "more convenient for both parties involved."[19]

## FACTUAL BACKGROUND

### A.  API Is Based In The Eastern District of Texas And Maintains Its Documents In The Eastern District of Texas

API accurately stated in its complaint that it is a Marshall company based in Marshall, Texas.  Complaint, Dkt. No. 1, at 2.  Official certified documents from the Secretary of State confirm this fact.  *See* Wiley Decl. Ex. 1 (certified copy).  The legal counsel for API's formation was Haynes & Boone, LLP, namely, Haynes & Boone partner Mitch Miller.  Declaration of E. Spangenberg, Manager-API ("Spangenberg Decl.")  ¶¶3-4; Wiley Decl. Ex. 2.  Haynes & Boone's Dallas location, before its recent relocation, was 901 Main Street, Suite 3100, Dallas, Texas.  Wiley Decl. Exs. 2 & 3.  This is the same location shown on the documents on which

---

[16] *Personal Audio, LLC v. Apple, Inc*., 2010 WL 582540, at *1 (emphasis added) (finding Defendants failed to meet that burden, citing *In re Genentech*, 566 F.3d 1338, 1348 (Fed. Cir. 2009)); *In re Volkswagen of America, Inc. ("Volkswagen II")*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (proving another forum clearly more convenient meets good cause standard); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008).

[17] *Volkswagen II*, 545 F.3d at 315.

[18] *Volkswagen II*, 545 F.3d at 315.  As set forth in Defendants' Motion, and addressed below in relevant part, the private interest factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process to secure the attendance of witnesses; (3) cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *Id.*  The public interest factors are: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) familiarity of the forum with the law that will govern the case; and (4) avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *Id.*

[19] *Aloft Media, LLC v. Adobe Sys.*, No. 6:07-CV-355, 2008 WL 819956, at *3 (E.D. Tex. Mar. 25, 2008); *accord* 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3849 (3d ed. 2009).

Defendants rely in their Motion as RM3 and RM4. *See* Defendants' Ex. RM4 at 3 of 3 ("The preceding public record data is for information purposes only and is not the official record."). Because API is a company based in Marshall, Texas, it maintains corporate documents in that location at the physical address listed on the formation documents. It maintains at that location, for example, its lease agreement, its record books, and legal documents such as the settlement agreements with which it has entered into with the other Defendants, and documents relating to the acquisition of the '699 patent. Spangenberg Decl. ¶5. Mr. Spangenberg also frequently travels to the business in Marshall, as the trip from Dallas to Marshall is not a long one— approximately two hours—making a trial in Marshall, Texas far more convenient than air travel to the West Coast. *Id*. ¶6.

**B.** **Google And Yahoo Will Consider Other Texas Companies Relevant Witnesses—As They Have In Other Cases.**

Because certain counsel for API are counsel for parties also in litigation with Yahoo and Google, counsel is aware that as discovery progresses, these Defendants will no doubt pursue a particular discovery strategy.[20] Further into discovery, Google and Yahoo will notice depositions for other entities they deem relevant for purposes of a patent infringement case—merely by association, however remote and attenuated, with Mr. Spangenberg (a Texas resident), the manager of API (a Texas company). They consider as relevant such entities as a diversified, unaffiliated company—Acclaim Financial Group, LLC ("AFG")—a Texas company (Wiley Decl. Ex. 8), whose CEO is Audrey Spangenberg, a Texas resident (Mtn. Ex. RM7), a consulting company, IP Navigation Group, LLC (a Texas company) whose owner and manager is Mr. Spangenberg; Clear with Computers, LLC also a Texas company and TechDev Holdings, LLC— another Texas company. *See* Wiley Decl. Ex. 4 (AFG subpoena documents); *see also* Wiley Decl. Ex. 5; Wiley Decl. Ex. 6; Wiley Decl. Ex. 7; Hepburn Decl.. Google and Yahoo even served AFG a subpoena including AFG's Marshall, Texas address. Wiley Decl. Exs. 4, 8. These entities are headquartered in Marshall, Texas and also have personnel in the Dallas, Texas area,

---

[20] Specifically, *Bright Response, LLC v. Google Inc., Yahoo! Inc., AOL Inc*., No. 2:07-cv-371-CE (E.D. Tex.). *See* Spangler Decl. ¶ 4 (lead counsel for plaintiff Bright Response confirming depositions in that case).

such as CwC Manager Debera Hepburn in Lewisville, Texas (Hepburn Decl.), in close proximity to this District.  This location makes travel time for deposition or trial a simple matter of a short trip by car of approximately two hours versus air travel halfway across the country.

## C.    The Court Entered A Scheduling Order In January 2010.

This case has been on file since May 12, 2009.  The Court entered a scheduling order five months ago, on January 22, 2010.  Dkt. No. 149.  The Scheduling Order sets the *Markman* hearing for February 9, 2011 at 9:00 a.m. and sets this case for trial in February 2012.  Dkt. No. 149.  Discovery is underway, with API serving its Patent Rule 3-1 and 3-2 disclosures pursuant to that order on April 7, 2010.  Dkt. No. 165 (notice).  Defendants' Patent Rule 3-4 disclosures are due in less than a month, on July 1, 2010.  Dkt. No. 149.  The parties also have negotiated a stipulated protective order, which the Court entered on May 12, 2010.  Dkt. No. 179.

## ARGUMENT

The centerpiece of Defendants' argument vanishes because there <u>are</u> connections to this District.  API is organized, headquartered, and operates in Marshall, Texas.  API maintains relevant documents in Marshall, including corporate records, licensing agreements, and documents concerning the acquisition of the '699 patent.  API has not manufactured documents to manipulate the proof factors in the analysis (*In re Hoffman La-Roche*[21]) nor has it filed suit here despite the lack of any connection at all to this District or this region (*In re Genentech*[22]).  The connection is genuine, and API's Manager's residence approximately 150 miles from Marshall reinforces that a Texas forum and this District is appropriate.  Defendants' listing numerous party witnesses with their respective companies—who will obviously always be concentrated at the Defendant's principal place of business—cannot be the controlling factor.  If it were, it would violate a cardinal rule: no one factor in the §1404(a) analysis is dispositive.

---

[21] *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (granting mandamus relief for district court's denial of transfer where plaintiff converted 75,000 pages of documents and moved them to counsel's office in Eastern District when documents otherwise would have been in California).

[22] *In re Genentech, Inc.*, 566 F.3d at 1343 (noting that in cases in which potential witnesses are in widely scattered locations, court should not consider its "central location ... in the absence of witnesses within the plaintiff's choice of venue").

**A.    Defendants Overlook The Private Factors That Do Not Favor Them And Downplay The Geographical Disparity.**

   ***1.    Defendants Fail To Explain The Difficulty In Transporting Licensing Agreements and Marketing Materials to Texas for Trial.***

Defendants' motion conflates this access to proof factor with the location of the witnesses.  *See, e.g.*, Mtn. at 13 (evidence stored or accessible in Northern California; making same basic arguments as section before at pp. 12-13).  This is a separate factor to consider, however, aside from the witnesses' location.  It requires reviewing ease of access to proof vis-à-vis the forum and requires a showing for why transportation of the evidence identified at a particular location makes it difficult to bring to the current forum.[23]  Defendants' declarations state only what those documents comprising potential evidence are: "marketing, financials, licensing practices, and customer-service."  Mtn. Ex. B (Sample Decl. (Yahoo)) at 5 ¶11; Mtn. Ex. C (Brewer Decl. (Google & Android)) ¶¶10-12 (documents related to Google's products, general operations, marketing, financials, licensing practices, and customer-service); Mtn. Ex. D (Matheny Decl. (Best Buy) ¶4 ("To the extent that Best Buy has physical documents relating to Best Buy Remix, I believe they are only located in Minnesota.").  There is no evidence or argument how transportation of licensing agreements and marketing materials to this District is inconvenient or burdensome—particularly in light of electronic production of documents.[24]  Because Defendants have no evidence of argument on this point, the Court should find that this factor is against transfer.  *See In re Telular*, 319 Fed. Appx. 909, 2009 WL 905472, at *3 (Fed. Cir. Apr. 3, 2009) (denying mandamus on order denying venue transfer; noting defendants' arguments concerning inconvenience and difficulty in transporting documents to Texas for trial).

---

[23] *Medidea, LLC v. Smith & Nephew, Inc.*, No. 2-09-cv-378-TJW, 2010 WL 1444211, at *3 (E.D. Tex. Apr. 12, 2010) (defendant failed to show inconvenience if required to transport documents to Marshall or why documents could not be sent in electronic format).

[24] Although the Fifth Circuit requires considering this factor, this is not a car crash case or the like in which physical evidence will be relevant. *See Techradium, Inc. v. Athoc, Inc.*, No. 2:09-CV-275-TJW, 2010 WL 175235, at *3 (E.D. Tex. Apr. 29, 2010) (same; also granting transfer: 4 of 5 named inventors resided in transferee forum); *Network-1*, 433 F. Supp. 2d at 802 ("Patent litigation is quite different from personal-injury or products-liability cases.").  There is no *TS Tech*-type fact scenario in which the court emphasized the physical nature of the evidence meant it could be more easily transported to Ohio. *See Odom v. Microsoft Corp*, 596 F. Supp. 2d 995, 1000 (E.D. Tex. Jan. 30, 2009).

Further, because the relevant documents are "decentralized" because the inventors and prior art witnesses are scattered across the country (§A-2, *infra*), this Court would have to give this factor lesser weight despite the failure of proof.[25]

### 2. Witnesses Known to Be Key Are Closer to Marshall, Texas Than Northern California; No Confirmed Invalidity Witness Resides in Northern California.

Counterbalancing Defendants' effort to make this factor of the witnesses' location dispositive, which case law prohibits,[26] are two undisputable facts: (i) API is located in Marshall and maintains relevant documents in Marshall, including documents such as licensing agreements, settlement agreements, and documents concerning the acquisition of the '699 patent; and (ii) relevant witnesses are spread throughout the country and the world. Because the Court must consider the convenience of all parties,[27] this factor does not weigh so heavily in favor of transfer given API's presence in this District.[28] Quite the contrary, this factor weighs ***against*** transfer or is neutral when relevant witnesses are so spread out geographically.[29] Moreover, here too Defendants' proof falls short. The defendant seeking a transfer must include not only the identity of the witness whose convenience is at issue but also a general statement about what the witness's testimony would be. *In re Triton Ltd. Secs. Litig.*, 70 F. Supp. 2d 678, 689-90 (E.D. Tex. 1999) ("As the party seeking transfer, Defendants must clearly specify the key witnesses to be called and make a general statement of what their testimony will cover.").[30] Merely matching

---

[25] *See Tsera, LLC* Slip Op. at 8 (Wiley Decl. Ex. 34) (decentralized locations of Defendants' documents lessens weight of factor).

[26] *See Action Indus. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) ("The determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight.") (cited in *In re Telular*, 319 Fed. Appx. 909, 2009 WL 905472 (Fed. Cir. Apr. 3, 2009)).

[27] *TS Tech*, 551 F.3d at 1320; *Genentech*, 566 F.3d at 1338.

[28] *See Emanuel*, 2009 WL 3063322, at *7 (noting this factor favors transfer when no witness or party is located in transferor district) (citing *Aloft*, 2009 WL 1650480, at *3; *TS Tech*, 551 F.3d at 1322-23).

[29] *E.g., In re Telular*, 2009 WL 905472 (denying mandamus on transfer from Texas to Illinois where one party was located in Illinois, another in Texas, and non-party witnesses located in Georgia; no overwhelming facts to justify mandamus relief for denying transfer); *MHL Tek, LLC v. Nissan Motor Co.*, No. 2:07-CV-289, 2009 WL 440627, at *4 (E.D. Tex. Feb. 23, 2009) (factor weighed against transfer where witnesses throughout country); *Network-1*, 433 F. Supp. 2d at 802 (factor neutral where witnesses in Connecticut, New York, California, Taiwan, and Israel).

[30] *See also Centre One v. Vonage Holdings Corp.*, No. 6:08CV467, 2009 WL 2461003, at *6 (E.D. Tex. Aug. 10, 2009) (general allegations that witness inconveniently located insufficient: must identify specific witnesses and

9

up a witness in a particular department concerning a particular accused instrumentality does not suffice. Although the Brewer Declaration for Google, insufficient for other reasons (n.4 *supra*), does identify witnesses by name as required, it only states a product for which each individual has knowledge. Mtn. Ex. C (Brewer Decl.) ¶7. The Yahoo declaration fares worse: it does not even include specific witnesses for specific products. It just notes generally that a particular person has, for example, "job duties with respect to the Accused Instrumentalities" (Mtn. Ex. B (Sample Decl. ¶7)) and that these employees "most knowledgeable about the design, structure, and function of the Accused Instrumentalities" reside somewhere in California. *Id.* ("All of these employees live in California."). The Matheny Declaration for Best Buy (Mtn. Ex. D) does not even identify witnesses, does not what their general testimony would be, and does not even state affirmatively whether Best Buy has an office in Texas or not. Mtn. Ex. D ("The persons at Best Buy that are most knowledgeable about Best Buy Remix would also be only located in Minnesota."; "I do not believe that Best Buy has a corporate office in Texas"); *see* Mtn. Ex. E (not identifying specific Mashery employees or substance of testimony).[31] Aside from this failure of proof to provide a particular quantum of proof on required facts, Defendants' arguments fail on the merits.

Although it is the convenience of non-party witnesses that is afforded the most weight because a party's witnesses will be motivated to attend trial,[32] Defendants infuse exaggerated relevance into party witnesses, speculating as to the extensive amounts of time they would have to spend away from work. *E.g.*, Mtn. Ex. B (Sample Decl.) ¶13. The Court's own experience

---

outline substance of testimony); *Am. Airlines, Inc. v. Rogerson ATS*, 952 F. Supp. 377, 384 (N.D. Tex. 1996) (same); *Mondis Tech. Ltd. v. Top Victory Elecs. (Taiwan) Co.*, No. 2:08-CV-478, 2009 WL 3460276, at *3 (E.D. Tex. Oct. 23, 2009) (noting Defendants' casting "selective net in their identification of potential non-party witnesses"; noting failure to identify specific witnesses for some parties).

[31] The McNeil Declaration (Mtn. Ex. F) also is objectionable for its hearsay that Snap-On Tools has manufacturing locations in San Jose: the declaration relies only on Snap-On Tools' annual report, which is not attached.

[32] *Centre One*, 2009 WL 2461003, at *6 (convenience of non-party witnesses that is most important consideration); *ADS Sec., L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773, 2010 WL 1170976, at *3 (W.D. Tex. Mar. 23, 2010) (quoting & citing *Woolf v. Mary Kay Inc.*, 176 F. Supp. 2d 642, 650 (N.D. Tex. 2001); *Ternium Int'l U.S.A. Corp. v. Consol. Sys.*, No. 3:08-CV-0816-G, 2009 WL 464953, at *4 (N.D. Tex. Feb. 24, 2009).

with patent infringement trials can dispel the incredulous argument that so many employees for Google, Yahoo, and Best Buy or Mashery—the supplier for the Best Buy products—would be away from work for days at a time to appear live at trial. This is just not the case. The practical reality is that these individuals—and only some of them—would be fact witnesses whom API would depose as part of API's refining its understanding of the technical aspects of the accused instrumentalities. Such depositions are taken at the witness's convenience, generally where the witness is located. Spangler Decl. ¶3. That evidence is used as needed for expert reports and expert testimony at trial. The Court should cast a doubtful eye on the unreasonable proposition of dozens of witnesses being inconvenienced by spending days or weeks in Texas to appear live at trial when practical experience proves otherwise—a fact of which this Court can take judicial notice. Mtn. Ex. B (N. Sample Decl.) ¶ 13 (in declarant's opinion "[k]ey personnel" would have to take leave of absence to attend trial; trial in Texas "would require that Yahoo! witnesses be away from their jobs even on days when they were not testifying or preparing to testify").

Instead, the Court should focus on the most objectively relevant and material witnesses in a patent infringement case: the named inventors, prosecuting attorneys, and witnesses with knowledge of the prior art for invalidity defenses.[33] *See VCode*, 2007 WL 2238054, at *3 (convenience of witnesses did not weigh in favor of transfer where, among other things, prosecuting patent attorney resided neither in Texas nor transferee forum). Not one of these witnesses can be confirmed as in the Northern District of California. The McBrayer Declaration relies on impermissible hearsay to state there is a prior art witness in the district: there have only been communications with unidentified persons for Flexera Software, and it only **appears** Flexera **may have** relevant prior art. Mtn. at 7. Other prior art evidence, unconfirmed and unidentified, may be in Redmond, Washington, but only a subpoena supports that speculation. *Id*. at 7-8. The most specific information Defendants provide for a prior art witness is Mr. Biddle

---

[33] *VCode Holdings, Inc. v. Cognex Corp*., No. 2:07-CV-138, 2007 WL 2238054, at *3 (E.D. Tex. Aug. 3, 2007) ("Some of the most important witnesses will likely be those with personal knowledge of the relevant prior art."); *see also id*. ("Typically, witnesses in patent cases come from all over the country or world, and many of those witnesses are frequently unknown at this stage of the case."); *Network-1*, 433 F. Supp. 2d at 803.

in Phoenix, but that too is speculation.  By contrast, more objectively relevant witnesses, the named inventors, reside in Harpswell, Maine; Conway, Arkansas; Vilonia, Arkansas; Delafield, Wisconsin, and Morro Bay, California—and one prosecuting attorney resides in Washington, D.C., another in Washington state.  Placing these states on the map below—in addition to other relevant fora—Minnesota (Best Buy headquarters; potential prior art), Washington (potential prior art, a prosecuting attorney); Arizona (potential prior art), and Texas (Plaintiff; Google witness in Kingwood)—shows a geographical reality not apparent in the Motion.  Although overseas witnesses are not part of this equation—they will travel a great distance regardless[34]— the reality is that this case is not so overtly leaning towards California to establish that a Northern California forum is "*clearly* more convenient" than this one:



Locations of Evidence, Parties, Witnesses

### 3.    Applying The "100-Mile" Rule Shows This District Is More Convenient.

In *Volkswagen I*, the Fifth Circuit established the "100-mile rule": "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to a witness increases in direct relationship to the additional distance to be traveled."  *Medidea*, 2010 WL 1444211, at *2.  For purposes of this analysis API provides the relevant facts and information that Defendants do not:

---

[34] *See In re Genentech*, 566 F.3d at 1344 ( "witnesses from Europe will be required to travel a significant distance no matter where they testify"); *Novartis Vaccines & Diagnostics, Inc. v. Wyeth*, No. 2-08-cv-00067TJW-CE, 2010 WL 1374806 (E.D. Tex. Mar. 31, 2010).

| Inventors; Prosecuting Attorneys[35] | Distance to Marshall, Texas (air miles) & Additional Miles to Proposed Venue |
|---|---|
| Harpswell, **Maine**   (Jean deBelleuille) | 1531       SF: **1,206**  SJ: **1,193**  OAK: **1,198**[36] |
| Delafield, **Wisconsin** (Michael K. Kling, III) | 794        SF: **1,023**  SJ: **1,008**  OAK: **1,015**[37] |
| Conway, **Arkansas**   (Steven W. Rogers) | 207        SF: **1,466**  SJ: **1,439**   OAK: **1,458**[38] |
| Vilonia, **Arkansas**   (George M. Gill) | 214        SF: **1,472**   SJ: **1,445**   OAK: **1,471**[39] |
| Washington, **D.C.** | 1065       SF: **1,376**   SJ: **1,357**   OAK **1,368**[40] |
| Morro Bay, **California**  (Michael Baird) | 1530          SF: **-1,342**    SJ: **-1,382**   OAK: -**1,344**[41] |

This analysis shows the Northern District of California is not "clearly more convenient." The only of these known and confirmed non-party witness *not* more inconvenienced by traveling to Northern California is Mr. Baird in Morro Bay, California, and a prosecuting attorney in Washington State.[42] Neither one makes up for the thousands of additional miles others would have to travel for the not clearly more convenient forum of the Northern District of California.

     **4.**     ***Defendants Identify No Unwilling Witnesses.***

For the most objectively relevant witnesses—inventors, prior art witnesses (necessarily excluding the hearsay reference to Flexera), and prosecuting attorneys—none of them are within the subpoena power of the Northern District of California *or* this Court. Consideration of party witnesses is irrelevant for this factor because "it is a practical reality of litigation that a

---

[35] Dkt. No. 1 (Complaint) Ex. A at 1 (first page of patent in suit); Wiley Decl. Ex. 9.

[36] Wiley Decl. Ex. 10, 11, 12, 13 (all distances calculated and maps showing distances Harpswell, Maine).

[37] Wiley Decl. Ex. 14, 15, 16, 17 (all distances calculated and maps showing distances Delafield, Wisconsin).

[38] Wiley Decl. Ex. 18, 19, 20, 21 (all distances calculated and maps showing distances Conway, Arkansas).

[39] Wiley Decl. Ex. 22, 23, 24, 25 (all distances calculated and maps showing distances Vilonia, Arkansas).

[40] Wiley Decl. Ex. 26, 27, 28, 29 (all distances calculated and maps showing distances Washington, DC).

[41] Wiley Decl. Ex. 30, 31, 32, 33 (all distances calculated and maps showing distances Morro Bay, California).

[42] The Motion identifies another prosecuting attorney as Mr. Chen in Redmond, Washington.  Mtn. at 7.

defendant's own witnesses, such as employees, will not be unwilling witnesses." *BNSF Ry. Co. v. OOCL (USA), Inc.*, 667 F. Supp. 2d 703, 711 (N.D. Tex. 2009). Because Defendants' motion is silent on this point, the Court should find that this factor does not favor transfer. *See id.* (failure to identify relevant witnesses unwilling to testify for whom compulsory process is unavailable meant factor did not favor transfer).[43] In any event, "[i]f this Court cannot compel a witness's attendance at trial, neither party is prevented from using the witness's videotaped deposition at trial. *Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F. Supp. 2d 676, 679 (E.D. Tex. 2006)."[44]

### 5.   *Defendants' Motion Is Not "Reasonably Prompt," And The Late Filing Is Prejudicial.*

The Court has already placed this case in line, and, as Defendants admit in their motion, the timetable for cases to get to trial as between this District and the Northern District of California is approximately equal. API, however, would lose the benefit of already having reserved a date for the *Markman* hearing and trial. Indeed, motion practice will not be completed for weeks, and Defendants' invalidity contentions are due in less than a month. Recent cases in this District recognize that once the Court and the parties have expended resources in negotiating the docket control order and discovery order and begin discovery, including the exchange of contentions, there is prejudice to the plaintiff in losing the benefit of a year's worth of time and resources already expended by the court system and the parties.[45]  *See Tsera* (Wiley Decl. Ex.

---

[43]  *See also Centre One*, 2009 WL 2461003, at *6 (concluding this factor neutral where no unwilling witnesses identified); *Ternium,* 2009 WL 464953, at *3 (same); *MHL Tek*, 2009 WL 440627, at *5.

[44]  *MHL Tek*, 2009 WL 440627, at *5

[45]  *Am. Airlines,* 952 F. Supp. at 384 (scheduling order in place; court declined to transfer); *Novartis,* 2010 WL 1374806, at *5) (16 months after complaint filed not "reasonably prompt"; Court had scheduled *Markman* hearing and trial, parties had negotiated discovery order and docket control order); *Konami Dig. Entm't Co. v. Harmonix Music Sys., Inc.*, No. 6:08-cv-286, 2009 WL 781134, at *7 (E.D. Tex. Mar. 23, 2009) (denying transfer in part: Defendants filed motion six months after complaint filed and offered no legitimate excuse for delay); *Sabre Techs., LP v. TSM Skyline Exhibits, Inc.*, No. H-08-1815, 2008 WL 4330897, at *7 n.40 (S.D. Tex. Sept. 18, 2008) (filing motion less than two months after transfer to federal court "reasonably prompt"); *Calloway v. Fin. Triad Corp.*, No. 3:07-CV-1292-B, 2007 WL 4548085, at *3-4 (N.D. Tex. Dec. 27, 2007) (no delay or prejudice because no scheduling order entered yet).

34) at 17 (prejudice to all parties given court's already entering orders and infringement contentions served; motion to transfer not reasonably prompt, filed six months after original complaint and six months after amended complaint).  That prejudice is palpable given the delay of 11 months for which Defendants offer no argument or explanation as to why that delay is reasonable.  *See* Spangler Decl. ¶ 2 (noting prejudice).

**B.      The Public Factors Favor This District Because A Party And Evidence Are Here.**

Because Defendants misstate the facts of no ties to this District, the public factor analysis also is wrong.  Defendants rely almost entirely on arguing there is "no party, witness, or evidence in this district."  Mtn. at 15.  In such cases, the fact that the defendant's activities are nationwide and cause injury likewise nationwide, is relevant.  Because API does have its principal place of business in this District, there is a local interest in this case, justifying imposing the burden of litigation on this community.  *See In re Volkswagen AG*, 371 F.3d 201, 205-06 (5th Cir. 2004); *BNSF*, 667 F. Supp. 2d at 712 (local interest because BNSF had business in District).  Further, when the Court has already entered a discovery order, protective order, and a scheduling order, public factors such as judicial economy and overall interest of justice concerns dictate allowing this case to proceed in this District, which has already expended finite judicial resources on the case, on file for more than a year now.  § A-5 *supra* & n.42;[46] Spangler Decl. ¶ 2 (noting court resources expended).

**CONCLUSION**

Given inadequate declarations, failures of proof to meet the required elements, failure to address the issue of how the motion is "reasonably prompt," and presenting the Court with incorrect information, the Court should deny Defendants' Motion.

---

[46] *Cf. Medidea*, 2010 WL 796738, at *4 (noting Federal Circuit has found in patent cases consideration of interest of justice, which includes judicial economy, may be determinative, "even if convenience of parties and witnesses might call for a different result. *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997.)").

Dated: June 3, 2010                          Respectfully submitted,

                                             /s/ Andrew W. Spangler

                                             Andrew W. Spangler– LEAD COUNSEL
                                             State Bar No. 24041960
                                             SPANGLER LAW P.C.
                                             208 N. Green Street, Suite 300
                                             Longview, Texas 75601
                                             Telephone: 903-753-9300
                                             Facsimile: 903 553-0403
                                             spangler@spanglerlawpc.com

                                             Marc A. Fenster
                                             CA Bar No. 181067
                                             RUSS, AUGUST & KABAT
                                             12424 Wilshire Boulevard, 12th Floor
                                             Los Angeles, CA 90025
                                             Telephone: 310-826-7474
                                             Facsimile: 310-826-6991
                                             mfenster@raklaw.com

                                             Elizabeth A. Wiley
                                             Texas State Bar No. 00788666
                                             THE WILEY FIRM PC
                                             P.O. Box. 303280
                                             Austin, Texas 78703-3280
                                             Telephone: (512) 560.3480
                                             Facsimile: (512) 551.0028
                                             Email: lizwiley@wileyfirmpc.com

                                             Adam C. Saxon
                                             Texas State Bar No. 24070558
                                             Saxon Law Firm PLLC
                                             3235 Cole Avenue, Ste. 40
                                             Dallas, TX 75204
                                             Telephone: 214-282-7830
                                             adam@saxonlawfirm.com

                                             **ATTORNEYS FOR PLAINTIFF API
                                             TECHNOLOGIES, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

June 3, 2010                                    /s/   Elizabeth A. Wiley
                                                  Elizabeth A. Wiley