IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| API TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | NO.    2:09-cv-147 |
| | § | |
| FACEBOOK, INC., et. al. | § | Jury Trial Demanded |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER**

Defendants moved to transfer this case to the Northern District of California because the majority of the witnesses and evidence is located there. In contrast, there are no material witnesses in this district. In opposition, API argues facts that the Federal Circuit has held are irrelevant. API argues, for example, that Marshall is "centrally located" – an argument the Federal Circuit has rejected. Similarly, API relies on its recently established office in Marshall. The Federal Circuit has held, however, that a plaintiff's presence in its chosen district is not entitled to significant weight when, as here, that presence is "recent and ephemeral." API also suggests that many witnesses with relevant knowledge can be ignored because they may not testify at trial. Again, the law is clear that all witnesses with relevant knowledge must be considered. API also relies on persons subpoenaed in other cases but who have not been identified by any party in this case as having relevant knowledge. The locations of those persons is irrelevant. Finally, there has been no undue delay in bringing this motion – it was brought promptly after Defendants received API's infringement contentions and initial disclosures that made clear the scope of the accused products and the relevant witnesses.

## I. API Does Not Have a Legally Significant Presence in this District.

API's presence in this district is "recent and ephemeral," and is not entitled to significant weight. Although API argues that it has an office in this district, recent Federal Circuit case law establishes that where the plaintiff's presence in the district is "both recent and ephemeral," it is "not entitled to significant weight." *In re Apple Inc*., Misc. No. 932, 2010 WL 1922942, at *1 (Fed. Cir. May 12, 2010) (unpublished). API was established only eleven days before it filed the complaint in this case, and its corporate address is shared by at least thirteen other shell companies. (DN 183-2; Smith Decl. Ex. KS1.) API identifies no employees in this district and does not appear to conduct any business here.

**II.     API's Analysis of the Burden on Witnesses is Incomplete and Erroneous.**

    **A.     API Accounts for Only a Subset of the Relevant Witnesses.**

API cannot avoid, and in fact fails to address, one fact that, in itself, justifies transfer – there is not a single witness in this district. Where no witnesses are in the district, it is irrelevant whether the witnesses are scattered so as to make this district a "central location." *eTool Dev., Inc. v. Nat'l Semiconductor, Corp.*, Docket No. 2:08-cv-196 slip. op. at 4 (E.D. Tex. Mar. 12, 2010) (citing *In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009)).

API argues that this district is convenient for the witnesses. That argument is based, however, on an incomplete and misleading account of the witnesses. For example, API relies on the fact that there is a single Google engineer in Kingwood, Texas with some information regarding unrelated aspects of certain accused products. (Opp. at 12.) API ignores, however, the 16 other party witnesses in Northern California with knowledge of the 49 accused products. (Motion at 11.) Similarly, API identifies only six non-party witnesses: five closer to this district and one closer to Northern California. (Opp. at 13.) API ignores, however, at least twelve non-party witnesses that are in or closer to Northern California, including eight Mashery engineers, John Biddle, prosecuting attorney Wei-Chen Chen, and witnesses from Microsoft and Flexera.[1] *See, e.g.*, Supp. Michels Decl. (stating that Mashery employees cannot "afford to be away from work for the amount of time it would take to participate in proceedings in Texas").

API also argues that it can ignore some witnesses, such as almost every witness with knowledge of the accused products, because, in API's opinion, there will not be time for all those witnesses to testify at trial and because Defendants have not provided a sufficiently detailed

---

[1] Since filing this Motion, Yahoo! has served a subpoena for prior art on Adobe Systems, Inc., another entity located in the Northern District of California. (Ex. Smith Decl. Ex. KS2.)

explanation of the testimony those witnesses will offer.  (Opp. at 10-12.)  API does not dispute, however, that Defendants' witnesses have relevant knowledge.  The Federal Circuit has explicitly rejected API's argument that only "key" witnesses or witnesses that will testify at trial should be considered.  *Genentech*, 566 F.3d at 1343-44; *In re Hoffman-La Roche*, 587 F.3d 1333, 1337 n.3 (Fed. Cir. 2009).  Even the cases relied on by API reject that argument.[2]

Nor does the law require a detailed recitation of the witnesses' testimony.  "[A]ll potential material and relevant witnesses must be taken into account."  *Centre One*, 2009 WL 2461003, at *6.  No detailed recitation of their testimony is required.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 n.12 (5th Cir. 2008) (en banc); *Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1001 (E.D. Tex. 2009) (declining to require detailed affidavits and observing "From the Court's opinion in *TS Tech*, it appears that the movant simply identified key party witnesses that were likely to give testimony and showed that those witnesses were closer to Ohio than Texas.").[3]

### B. The Defendants' Subpoenas in Other Cases Are Irrelevant.

API improperly relies on persons subpoenaed by the Defendants in other unrelated cases concerning other patents.  API has not even asserted, however, that any of these entities have information relevant to this case.  "[Section] 1404(a) requires 'individualized, case-by-case

---

[2] *See Centre One v. Vonage Holdings Corp.*, No. 6:08CV467, 2009 WL 2461003, at *6 (E.D. Tex. Aug. 10, 2009) ("[A]ll potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case."); *Network-1 Security Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 803 (E.D. Tex. 2006) ("The inventors and designers of the defendant's accused products are also important. . . . There are witnesses relating to sale and distribution of the accused products, which are relevant to damages. "); *see also ATEN Int'l Co. Ltd. v. Emine Tech. Co. Ltd.*, 261 F.R.D. 112, 125 (E.D. Tex. 2009) (considering convenience of more than thirty identified potential witnesses).

[3] API asks the Court to ignore the Brewer declaration because "[i]t is impossible to even infer how Brewer has personal knowledge." (Opp. 1 at n.4).  Ms. Brewer makes clear, however, that her declaration is based on her position as a Google employee, her knowledge of Google's and Android's corporate structure, and her personal investigation of witnesses and evidence related to the case.  (DN 174-19.)  Ms. Brewer's declaration is admissible.

consideration.'"  *Genentech*, 566 F.3d at 1346 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  No party has alleged that those entities possess information relevant to this case, and no party listed those entities on its initial disclosures.  Speculation cannot support the denial of Defendants' motion.

## III. The Location of Documents Favors Transfer.

API improperly argues that Defendants "fail to explain the difficulty in transporting" documents to this district.  Defendants are not required to provide declarations describing the cost of shipping.  The Federal Circuit has instead held that in patent infringement cases "the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *Genentech*, 566 F.3d at 1345.  Such is the case here.  The presence of a handful of API's documents in this district is further not entitled to weight because its office is "both recent and ephemeral."  *Apple*, 2010 WL 1922942, at *1.  Additionally, no matter what the cost of transportation might be, it will not be zero.  The cost of transporting just the evidence related to the 49 accused products from Northern California to Texas would thus far outweigh any convenience associated with having API's minimal documents in Texas.[4]

API also argues that the ability to electronically produce documents renders this factor irrelevant.  The Federal Circuit has rejected that argument.  *In re TS Tech USA Corp.,* 551 F.3d 1315, 1321 (Fed. Cir. 2008) (rejecting argument that fact that "documents were stored electronically" rendered this factor "much less significant").  Electronic document production "does not render this factor superfluous."  *Volkswagen*, 545 F.3d at 316.

---

[4] API lists a lease agreement, record books, settlement agreements, and patent acquisition documents as its Texas documents.  (Opp. at 6.)

## IV. Defendants Have Not Delayed Bringing This Motion.

API incorrectly argues that this Motion is not "reasonably prompt" and that transfer will result in delay. (Opp. at 14.) The "possibility of delay or prejudice," however, is relevant only in "rare and special circumstances . . . established by clear and convincing evidence." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). This is not such a rare and special case. API did not serve its infringement contentions until April 2, 2010, and its initial disclosures, identifying the witnesses considered relevant, until April 20, 2010. (Smith Decl., Ex. KS3.) Prior to those disclosures, it was not possible to determine with any degree of accuracy whether transfer would have been more convenient. Defendants moved to transfer this case on April 30, 2010, after receiving API's disclosures. Further, API's complaint alleges claims against, among others, Hoovers, Inc., a company with its principal place of business in Austin, Texas. This Court did not dismiss API's claims against Hoovers until March 16, 2010. Prior to Hoovers' dismissal, the relative convenience of litigating this case in this Court was substantially different because of Hoovers' Austin headquarters. The time Defendants took to evaluate the facts and prepare this Motion was not undue.[5]

---

[5] API improperly argues that this Motion should be denied because "motion practice will not be completed for weeks." (Opp. at 14.) That argument is contrary to a stipulation entered into between the parties. API requested a two-week extension to file its opposition, stipulating in return that it would "not use any delay introduced by this extension as a basis for its opposition." (Smith Decl. Ex. KS4.) Yet API argues that the length of time needed to complete briefing weighs against transfer. The Court should thus disregard API's "undue delay" argument.

In addition to containing improper argument and despite receiving an extension to prepare its papers, API's Opposition is not in compliance with Local Rule CV-10(a)(4) because it is not double spaced and its footnotes are not 12 point type. A comparison of the number of lines on a page in API's declarations, which are double spaced, with its Opposition, which is not, makes this apparent.

DATED: June 14, 2010               Respectfully submitted,

/s/   Kevin A. Smith_____
Charles K. Verhoeven, *pro hac vice*
Lead Attorney
charlesverhoeven@quinnemanuel.com
Jennifer A. Kash, *pro hac vice*
jenniferkash@quinnemanuel.com
Kevin A. Smith,
kevinsmith@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Otis W. Carroll
IRELAND CARROLL & KELLEY
fedserv@icklaw.com
6101 S. Broadway, Suite 500
Tyler, TX 75703
Telephone:  (903) 561-1600
Facsimile:  (903) 581-1071

**Counsel for Defendant YAHOO! INC.**

/s/  Ajay Singh   *(with permission by Kevin A. Smith)*
Ramsey M. Al-Salam, *pro hac vice*
Lead Attorney
RAlSalam@perkinscoie.com
Ryan McBrayer, *pro hac vice*
RMcBrayer@perkinscoie.com
Vincent Ajay Singh
ASingh@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., 48th Floor
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner

State Bar No. 24043679
agardner@potterminton.com
POTTER MINTON P.C.
110 N. College
500 Plaza Tower
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**Counsel for Defendants**
**GOOGLE INC. AND ANDROID, INC.**


*/s/* Melissa Wendland_____
 *(with permission by Kevin A. Smith)*
Emmett J. McMahon, *pro hac vice*
EJMcMahon@rkmc.com
Melissa M. Wendland, *pro hac vice*
MMWendland@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Ave.
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

Rickey L. Faulkner
State Bar No. 06857095
rick@faulknerlawoffice.com
LAW OFFICE OF RICKEY L. FAULKNER, P.C.
P.O. Box 3367
Longview, TX 75606
Telephone: (903) 212-3100

**Counsel for Defendant BEST BUY CO., INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 14, 2010. Any other counsel of record will be served by First Class U.S. mail on this same date.

<div style="text-align: right;">*/s/* Kevin A. Smith</div>